802 F.2d 452
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Appellee,
v.
Dallas MARTIN, Appellant.
UNITED STATES of America, Appellee,
v.
Mary MARTIN, Appellant.
 Nos. 85-5123(L), 85-5125.
 United States Court of Appeals, Fourth Circuit.
 Argued July 11, 1986.
Decided Sept. 29, 1986.
 
 John O. Shuford, III; S. Stuart Popkin, for appellants.
 Kenneth D. Bell (James R. Fitzner, Assistant United States Attorney; Charles R. Brewer, United States Attorney, on brief), for appellee.
 W.D.N.C.
 AFFIRMED.
 Before WIDENER, PHILLIPS and CHAPMAN, Circuit Judges.
 PER CURIAM:
 
 
 1
 Appellants, Dallas Martin and his wife Mary Martin, were tried and convicted of assault resulting in serious bodily injury and aiding and abetting in the commission of such assault in violation of 18 U.S.C. Secs. 113(f) and 2. Dallas Martin was sentenced to six years of incarceration. Mary Martin was sentenced to two years of incarceration. That sentence was later reduced to 18 months. Both appeal their convictions, claiming that the district court erred in not granting their motion for a continuance to enable them to obtain a laboratory analysis of blood found on a jack handle found in the Martins' home . They also asked to have the jack handle examined for fingerprints. Additionally, the Martins contend that the district court erred in allowing the government's attorney to be present at the hearing on their request for investigative services under 18 U.S.C. Sec. 3006A(e).
 
 
 2
 On November 27, 1984, David Wahneteh was assaulted with an ax by the Martins at their home on the Cherokee Indian Reserva tion in North Carolina. Wahneteh suffered a fractured right arm, a fractured right leg, and multiple lacerations as a result. The Martins also sustained injury during the altercation and had to seek medical treatment.
 
 
 3
 The Martins argued self-defense and defense of another at trial. Specifically, Mary Martin claimed that the victim and some of his friends attacked her in her front yard. She called to her husband for help. When Dallas Martin came into the yard, he was struck in the head by a jack handle. The altercation between the parties then continued in earnest.
 
 
 4
 Following a consent search of the Martins' home, the government seized two axes, which were later introduced into evidence at trial by the government. Less than a week before trial defense counsel learned of the existence and location of the jack handle used in the fight. The jack handle was located under a bed in the Martin home. On the day before trial was to begin, defense counsel moved for a continuance and for the appointment of an expert at government expense to analyze the jack handle for blood samples and fingerprints . The court denied defense counsel's motion for a continuance after conclud ing that the Martins had known all along where the jack handle was located but failed to reveal the information to counsel. The court did order a Deputy United States Marshal to accompany defense counsel to the Martin residence to pick up the jack handle. The jack handle was seized later that day, along with a bloody towel. Due to the lack of time, no laboratory tests were conducted on the jack handle. Trial began the next morning. The jack handle and bloody towel were introduced into evidence by the Martins. At the conclusion of all of the evidence, both of the Martins were found guilty of assault resulting in serious bodily harm.
 
 
 5
 On appeal, the Martins claim that the district court erred in not granting the motion for a continuance so they could have laboratory tests performed on the jack handle. We are of opinion the district court did not abuse its discretion in denying the motion, especially in light of the defendants' knowledge of the location of the jack handle for several months preceding trial.
 
 
 6
 We also conclude that any error the district court may have committed by allowing the government's attorney to be present at the Martins' motion for investigative services under 18 U.S.C. Sec. 3006A(e) was harmless error under the facts of this case.
 
 
 7
 Accordingly, the judgments of conviction are
 
 
 8
 AFFIRMED.